Here we go... That's pretty good. It's just nothing like the result of the  The last year was run by a doctor from  I'm Todd Wozniak with me as my colleague Chelsea McCarthy, and we represent Argent Trust Company in this case We will be making argument on behalf of all the defendants though I see the court has decided to save all the sexy arisa cases for the end, so I'll try to make this interesting the issue in this case is the district court invalidated a arbitration clause with a class-action waiver Based upon the effective indication exception to the Federal Arbitration Act Now there's a question whether that exception Would be recognized by the Supreme Court Yes, your honor The arbitration clause and the amendments to the clause are effective in this case given when they took place Yes, your honor so under Arisa The plan can be amended at any time and the version of the plan in effect at the time of the claim is the Version that's applicable, and that's what happened here was that the plan was It was only a clarifying amendment though your honor so what happened was I thought that the last amendment which said you can get injunctive relief. I'm paraphrasing That came post litigation, right it did come post litigation. Yes, your honor Because again the intent was to clarify the language that was already there There was a court case that came out that questioned the language as it existed The plan sponsor the plan administrator has the right to interpret ambiguous excuse me ambiguous language And the plan sponsor is settler has the right to clarify ambiguous language And that's all it did here is it amended the plan to say look our Language we believe allows for plan-wide equitable and injunctive relief it only limits monetary relief and To the extent there's any question about that raised by any other court The clause says it doesn't prevent a claimant from seeking injunctive relief For example, seeking an injunction to remove or replace a plan fiduciary Injunctive relief has an incidental impact on an individual or entity other than the claimant I don't think it references any other equitable relief That particular amendment does specifically refer to injunctive relief to remove the trustee And again that was in response to the Smith decision coming out of the Seventh Circuit Let me ask you, you relied heavily on I guess on a decision out of the it wasn't the Ninth Circuit But you cited a decision from a court in the Ninth Circuit And then the other Circuit courts to have considered this issue or similar issues have all Agreed with the position taken by the appellees How do you distinguish those other cases? Including now the Ninth Circuit Court's decision Yes, so in every one of those other cases with the exception of the Tenneco versus or Pucker versus Tenneco case Which I'll come to in a minute the courts construed the plan language To in fact not allow injunctive relief or equitable relief to the extent it impacted any other participant And so there's some sweeping language in some of the cases I'll grant you but in every one of those cases the courts were able to say well, wait a minute This language is just like Smith or it's just like similar decisions where the court said the the removal of the right to order injunctive relief particularly the right to remove and replace a trustee is Problematic because section 409a of a risk explicitly says one of the remedies would include removal of the trustee in our case the language of the plan Explicitly says that the court can award Monetary relief and appropriate equitable or injunctive relief that was before the amendment that clarified by the way injunctive relief includes removing the trustee and so our language is different in the sense that the The arbitration provision explicitly provides that the arbitrators can award monetary relief for the individual person's plan account plus appropriate injunctive or equitable relief I'm taking the arbitration clause as originally Adopted by the plan which was amendment number three and It said you can provide for monetary relief for the individual claimant for their account Plus appropriate equitable or injunctive relief. That's what the original provision said The arbitration provision and again, I grant you that there's an amendment later which tries to walk back and soften the glow of the arbitration provision but the arbitration provision says That a claimant may not re-seek or receive any remedy which has the purpose or effect of providing Additional benefits or monetary or other relief to any other individual or entity other than the claimant Yes, your honor That bars any relief that is not claimant-centered, right? No, it doesn't. The provision, if you continue to read, goes on to say what specifically is available for a 502a2 claim And in that later provision, it explicitly says that the participant received monetary relief for his or her individual account plus Equitable or injunctive relief the arbitrators deem appropriate And the language that you quoted was the language at issue in Smith and The Smith court had in fact not read the rest of the provision and focused solely on the language that you quoted It was for that reason that we added the clarifying, I say we, the plan sponsor added the clarifying language Saying look our intention is not to remove injunctive relief Particularly not to remove the right to remove a trustee and replace that trustee Again, I think as long as it's non-monetary relief, it's available It is equitable and I disagree that it's not available again under the plain reading of the plan language It provides that the arbitrators can apply or provide appropriate equitable or injunctive relief Yeah, your honor, it's Well, it's just your second amendment refers to the fourth amendment refers to the injunctive explicitly It's the third amendment which adopted the original arbitration clause. It specifically references equitable relief That the arbitrators deem appropriate again as long as it doesn't provide additional monetary remedies to third parties I'm looking for the exact language, but it's in the language that discusses what's specifically available on a 50282 claim Yes, your honor Which again the plan understood that to mean you could get injunct over equitable relief But as I mentioned the Smith Seventh Circuit decision came out focused on that first clause that you quoted and said Oh that bars injunctive relief. So the Such other remedial or equitable relief as the improper so long as such remedial or equitable relief does not include or result in Additional benefits or monetary relief to any individual or entity other than the claimant. That's right That provides a benefit to other people besides the claimant does it not Well, I guess it depends on how you reform the plan Well here they're asking here they're asking for a reformation that just simply removes the two amendments It's not it's not really even a plan reformation what they're saying is we have arguments as to why the arbitration clause should be invalid and They've tried to turn those into actual claims. They're not claims. They've not even pled a proper reformation claim What they've pled is arguments as to why the arbitration clause should be invalidated They're not asking for monetary relief as part of the reformation they said remove the arbitration clause Okay, that even if they were successful on that that doesn't provide anybody additional monetary relief Same thing with the claim for rescission rescission doesn't provide third parties additional monetary relief It simply Rescinds the arbitration clause which again the argument they were making is we don't like the arbitration clause. Please invalidate it That again that doesn't provide additional monetary relief On top of that rescission generally requires you to put the parties back into the position. They originally held That that would be impossible here people have already taken benefits Presumably they spent some of that Returning that money would be very difficult if not impossible The company has also been sold so again It'd be very difficult if not impossible to put the parties back in the same position So normally what you get when a rescission area situation like that is a measure of damages And what we're saying here is that the individual participant wants to bring a claim for rescission area damages fine That's what they get they get that remedy, but they don't get to sue for damages for all the other participants That's all that's all this plan is doing and it's no different than any other class-action waiver if there is a harm to multiple people a Class-action waiver says fine each one of those individuals can bring their own lawsuit and recover their own damages But it doesn't mean they get to band together and bring a what looks like a class-action lawsuit and that's effectively what the plaintiffs are saying here is that somehow a risk is special or unique and That this 502 a 2 and 409 a remedy gives them the right to band together or worse It gives one person the right to sue on behalf of all of the absent class members without any due process rights without any rule 23 guardrails and sue on behalf of everybody and I would suggest that that is not what Arisa says and That is not a right that they have without going through procedural protections to make sure those absent class members Are not being abused Now in this particular case the district court analogized this 502 a 2 remedy to a principal agent type of Representational action and that language comes out of the Viking River decision But the plan here has no right to sue on this claim separately. There's no principal involved Just in just not even an agent the participants not acting as an agent of the plan in Viking River The court analogized the principal agent type claim to for example the trustee suing on behalf of a trust Well, this is not the trustee suing on behalf of the trust These are individual beneficiaries that are saying I want more in my plan account Well And they're not representatives of the plan and the plan could not have consented on their behalf No, your honor that so the term the word termination in this context is a word of art it means that you Vest up every participant and you stop participate you stop contributing more money to the plan. The plan doesn't go away Still there's benefits to pay out. There's administration to happen This plan was in existence for a good two to three years after the effective termination date So the plan doesn't go away the plan continues to operate Termination simply means everybody gets vested up on their Benefit and it means the plan sponsor ceases to continue to contribute to the plan. I Rebuttal Thank you, your honor Yes, your honor Good afternoon. May it please the court retina pathak for the appellees the plaintiffs below Your honor. I think the simplest pat your honor I think the simplest path to affirmance in this case is prospective waiver at this point six circuits have held that arbitration clauses like this one Are unenforceable because they constitute an impermissible prospective waiver of statutory rights. This court should join those other courts Larissa gives plan participants the right to sue a breaching fiduciary on behalf of the plan to obtain important plan wide remedies the arbitration clause here, however Eliminates all representative claims and in addition to that it eliminates plan-wide remedies that my clients are seeking notably restoration of all losses to the plan disgorgement of profits and rescission of important transaction as well as Reformation as your honor noted It doesn't eliminate all It doesn't eliminate everything it doesn't appear to eliminate It's a gray area as to whether it eliminates every single remedy in 1109 But it does eliminate the plan-wide remedies that we are plausibly alleging and those are plan-wide Monetary relief restoration of all losses to the plan. It also eliminates The disgorgement of gain of all gains and it eliminates our ability to seek rescission and a reformation and your honor the representative action waiver at the outset Eliminates the ability to assert an a2 claim at all and that then places the remedies of 1109 Beyond the reach of a participant and the reason we know that that and and I just want to pause for a moment as you as you noted your honor as Long as one remedy that we are statutorily authorized to obtain in court is Unavailable to us in arbitration that is all it takes for you to affirm here because the entire arbitration clause fails if even one of the restrictions is invalid and that's That's because of that's the arbitrate that's how the arbitration clause itself is written It says that the restrictions that I've mentioned are material and non severable And it says that if this essentially it says that if the court agrees that any of the restrictions are Unenforceable then the entire arbitration procedure shall be rendered null and void in all respects So you really only need to agree with me that one of the statutorily authorized remedies that we are seeking is placed beyond our ability to obtain in Arbitration by this clause and that renders the entire clause unenforceable and you have to affirm so let me talk about the different restrictions that the arbitration clause places on on the Claims that we can assert in arbitration. So first of all, as I said Yes, you know your honor I am happy to talk about both the the most recent amendment as well as the original language because I think that My friend is is not grappling with all the language in the original version With respect to the with respect to plan wide monetary relief and also with respect to the representative action waiver The differences in language are not material I think that they're also ultimately not material with respect to rescission and reformation Although I think we can have a little bit more of a conversation there With us in terms of the representative action waiver. Your honor. This is categorical That's the title of the clause that representative arbitrations are forbidden The very first sentence of the clause says that claims cannot be brought in a representative capacity but as the Supreme Court has recognized and this court has recognized a to claims are necessarily Representative an a to claim cannot be brought in only an individual capacity It can be brought by an individual but that individual is acting as a representative of the plan And so if an litigant cannot act in a representative capacity in arbitration Then that means they can't blink bring a to claims at all. That certainly is an abrogation of statutory rights That's inconsistent with the effective vindication doctrine of the FAA now it's This court and many circuits have recognized that a to claims Can only be brought on behalf of the plan to address plan injuries and to obtain remedies that flow to the plan, right? So it's the idea that the claims are representative one is built into a to Also the Supreme Court in Viking River versus Moriana made clear that a let the Representative nature of a plan is part of the substantive law and a waiver of that representative capacity Can't is not mandate that can't be enforced Under the FAA the FAA doesn't mandate the enforcement of a representative action waiver The Ninth Circuit recently recognized this in Platt versus Sodexo So I think at the very beginning of this clause which has remained unchanged you can rule that you can rule in our favor in a firm because the Arbitration clause places a to claims outside the scope of arbitration or it makes it impossible to pursue them in arbitration So you Your honor. I don't think it brings those claims back It tries to talk about certain remedies, but at the outfit it just makes the entire cause of action unavailable But let's talk about the remedies that it places That it makes impossible for participants to obtain. So there's first plan wide monetary relief So my friend agrees that here a participant cannot seek all losses to the plan in Arbitration and his theory is that a participant isn't entitled to do that Anyway, that's obviously wrong the Supreme Court in LaRue Justice Thomas's concurrence said that a to on its face allows a participant to Obtain all losses to the plan Not just a sliver of the losses all losses and the text of 1109 says that as well So the ability to seek plan wide loss restoration all losses to the plan is clearly incompatible with this arbitration clause But that is a statutory remedy that we are entitled to get in court And as the Supreme Court has said if you're entitled to a stat If you have a statutory right that you can assert in court, you have to be able to assert it in arbitration as well We have alluded to the effective Vindication doctrine in a number of cases but never in an ERISA setting like this one. So what sort of Standards should we create? So your honor, I don't think you have to create a new standard you're right in Palladino for example, you have this court held that because the arbitration clause attempted to eliminate the right to get title 7 damages and equitable remedies that that was that that rendered the arbitration clause unenforceable here because ERISA claims are only arbitrable because of the FAA the effective vindication doctrine is a doctrine of the FAA and so This court doesn't need to invent a new standard for ERISA cases It simply needs to apply the well-recognized principle that an arbitration clause is unenforceable if it attempts to prospectively waive statutory rights and remedies Here the arbitration clause makes unavailable the right to full loss restoration And it also makes rescission and reformation unavailable your honor And the reason that it does that is because rescission and reformation And my friend on the other side is mischaracterizing our claims for rescission and reformation We plausibly allege them both and they are clearly available for violations of the prohibited transaction rules as well as for breaches of fiduciary Duty, we want to unwind the transactions if there needs to be some amendment down the road to fill in defendants, although we have no defendants here then The applicability of the effective vindication doctrine to Yes, your honor the district court in footnote 11 said that even if the district court hadn't decided the Kate those two remedies on the Basis of consent that it would find that the effective vindication doctrine applied And so and certainly that's an argument that we've been making all along and so this court can reach it The reason why rescission and reformation are unavailable in arbitration by you know I'm placed out sort of Our claims that we can't assert in arbitration because this arbitration clause is because rescission and reformation And really the difference between them here is whether or not there's a full unwinding or perhaps only a partial unwinding But both of those remedies will result in shares being placed back in the plan We will get a restoration of plan assets And so obviously that's a monetary benefit to an entity other than the plate than the participant It's a monetary benefit to the plan first of all right plan assets going back into the plan means that an entity other than the Participant is getting a benefit and the arbitration clause on its face Prohibits that the arbitration clause also says that no remedy can be binding on Beyond the individual participant But of course there has to be an ability to bind the parties to restore Assets back into the plan if we get our if we can prove our rescission and reformation remedies So the language of the arbitration clause both the original one and the amended one is incompatible with these equitable remedies And the reason we honor why I think the original that the word that's missing from the original arbitration clause here the the word that my friend didn't talk about Appears This is um This is the original arbitration clause so I'm looking at page 163 buying one of the appendix the Third sentence says or sorry the second sentence says that each arbitration Shall be limited solely to one claimants covered claims and that claimant may not seek or receive any remedy Which has the purpose or effect of providing additional benefits or monetary or other relief to any individual? That is the exact same language that the court focused on in Smith So the original clause clearly bars any remedy that provides a benefit to any any kind of benefit Or any kind of or has any effect of any kind right on anyone other than the individual participant now That's the original version so if you want to work with the original version I think all equitable remedies are placed outside or are impossible to obtain But if you look at the new if you look at the amended version well that other the word other has been removed But as I explained it retains the prohibition on a remedy conferring a monetary benefit or or Restore or giving benefits. I think within a media Risa To anyone other than the individual participant that language is retained and a rescission and reformation necessarily Results in a monetary benefit to the plan In most immediately now the shares if we can unwind the transaction Then the shares will also be allocated to other participants accounts indirectly, but you don't even need to go that far But the there's a distinction between a representative action and a class action it's clear that participants are representing the plan and our ability to represent the plan is a Substantive right that we have and it comes from 11 1109 and the Supreme Court's interpretation of 1109 This is not the same as a class. It's not a class action. It's a representative action we're not challenging the class action waiver here because The representative action waiver is what is unenforceable and Once that the court recognizes and joins its sister circuits in holding that representative action waivers are unenforceable The entire arbitration clause has to fail and we have to be allowed to proceed in court now if we proceed in court we're allowed to take advantage of any of the remedies and procedural vehicles that we would ordinarily be allowed to take advantage of and Even if you disagree with me that you think that representative claims somehow can move forward in arbitration despite the language of the clause the clause specifically identifies Remedies that are in 1109 that we're allowed to seek under 1109 And also in the alternative that we could seek under a three rescission of reformation I think are pled under both a two and a three either way We can't get those remedies which are receptive allows us to get Position is that the last clarifying amendment Yes, your honor if I could just be not something that I'd like to just add I'd like to add to that which is to Be just more specifically the clarifying amendment does nothing to a limit to affect the language Which takes away our ability to get full loss restoration? That language is untouched and it doesn't do enough to Somehow allow us to seek rescission and a reformation which are remedies that ERISA Statutorily authorizes us to pursue under a two or under a three so it doesn't do enough now Your honor I think if your honor would like me to discuss consent or has any questions about consent If any of your honors would like me to do that I'm happy to but I do think that you can affirm Solely on the basis of prospective waiver, and that is a it's a simple case for affirmance here. Thank you Your honor The term representative action as the Supreme Court recognized in Viking River is ambiguous and it can be used to mean a Principal agent type litigation or it can mean claim joinder and In the context of this arbitration clause the world representation action is clearly referencing claim joinder It's it shows up in section 19.1 B of the plane of the arbitration clause Which is 19.1 B of the plan and it says no group class or representative arbitrations And it goes on to say however That if a claimant brings a claim under 502 a to seeking appropriate relief under 409 the claimant is going to be limited to their individual monetary relief for their plan account a pro-rata share of any disgorged profits and Such other remedial or equitable relief as the arbitrators deem proper So long as such remedial or equitable relief does not include a result in the provision of additional benefits or monetary relief to any other individual So clearly the plan contemplates 502 a to claims and I agree the Representational claims in the sense that any remedy that is recovered goes to the plan not to the individual claimant but that's not barred by this clause this clause explicitly says you can bring a 502 a to claim and Then it goes on to describe the remedy you'll get if you do bring an individual 502 a to claim So the idea that this bars all 502 a to claims or bars all representation cuts is just false It's not a proper construction of the plan To that individuals losses and that remedy goes to the plan it goes into their account in the plan Transaction And you want to disgorge? For lack of a better term the profits from that transaction. Yes if the profits were a million dollars and There were a thousand beneficiaries What does the beneficiary get to discourage? They would each get one one thousandths of the total profit No Not at all that individual gets relief for their individual account full relief for their individual account They can all choose to sue or not sue it's up to them It's no different than any other class action waiver We're prohibiting people from joining together to bring a claim for the full for the full amount of damages But this individual remember effective vindication is about can this plaintiff receive an arbitration? The same remedies that this plaintiff would receive in federal court if they brought in individual action And what we're saying to you is that if this claim was proceeding in federal court on a LaRue type claim They would be entitled to the remedy for their individual account and whatever injunctive or equitable relief the court deemed appropriate They don't get plan-wide remedies You don't step in the shoes of the plan to get back full discouragement. The plan has no claim here They are suing Well, they're not suing on behalf of the plan because the plan has no claim under 502a there is no plan claim They can get a remedy for the plan But they're suing individually 502a2 says this participant may sue 409 by the way doesn't talk about the remedies available. They talk about the liability of a breaching fiduciary Nowhere in 409 or 502 does it say you get to sue on behalf of the plan and all these absent class members With no procedural protections and you can throw the other participants under the bus if you so choose That's not what 502 or 409 a say And lost money Why is that? Single injury that affects the entire plan rather than just multiple claims asserting the same type of injury Well, it depends on the of course that the claim that's involved But you can have breaches of fiduciary duty that affect One participant more than another participant or only affect one participant like like in LaRue So what what the courts have been saying is that and I disagree with my colleague on this 502a and 409 a don't you not say you're suing on behalf of the plan and you're entitled to somehow Sue on behalf of all of the losses to the plan That's not what it says. What 502a says is that you can sue for appropriate relief Under 409 and 409 then says a breaching fiduciary the total liability of a breaching fiduciary shall be And then it goes on to describe Returning the losses to the plan or what have you but but nowhere does it say you as an individual have the right? to come into court I'll use your honor's example of a thousand participants Nothing that says you get to sue on behalf of these thousand participants and all of their individual accounts The courts that have that have talked about this in that regard Don't even think about don't even talk about the due process issues that come up There are court cases that we've cited to you though where people have tried to proceed in feral court as a Person suing on behalf of the entire plan and the courts have largely said no You need to go through rule 23 or some other mechanism To bring all these people together and make sure that we've got due process protections in place This is no different than that what we're saying in 409 or excuse me in this arbitration clause is you can sue for all the Losses and damage to your individual account and you can sue for injunctive or equitable relief, but you can't Effectively bring all these other absent participants together in one action on arbitration. That is just a class-action waiver Thank you